■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE WINSHIP, Appellant.—Judgment, Supreme Court, New York County, rendered August 2, 1977, convicting defendant after jury trial of attempted robbery in the first degree, and imposing a sentence of imprisonment of 4 to 12 years, is unanimously reversed, on the law, and a new trial ordered. The major error requiring reversal is the violation of defendant's *Miranda* rights in the use by the prosecution during the People's case at the trial of defendant's statement "Just because you hit somebody, doesn't mean you are going to rob him." Immediately following his arrest, defendant was given the *Miranda* warnings in purported compliance with the requirements of *Miranda v Arizona* (384 US 436). According to the police officers, when the defendant was asked at the end of the *Miranda* warnings whether he was willing to answer questions without an attorney, "he said he would answer certain questions that were necessary for processing." He was asked no questions other than those necessary for processing. *Miranda v Arizona (supra),* requires not only that a suspect in police custody be given warning of his rights but also that he have voluntarily waived his privilege to remain silent. "If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *(Miranda v Arizona, supra,* p 475.) In this State, this "heavy burden" has apparently been equated to proof beyond a reasonable doubt. We are unable to say that the People met this "heavy burden." It is suggested that the point is not reviewable on this appeal because the defendant's attorney did not make the point specifically at the suppression hearing but merely urged that there had been psychological coercion. CPL 710.60 (subd 1) requires that a motion to suppress evidence be in writing and state the grounds of the motion. The record submitted to us does not contain such a written motion so that we do not have a written statement of the grounds of the motion. (We are aware that such motions are frequently made orally, without objection by the District Attorney, despite the clear violation of the statutory requirement.) However, there clearly was a motion to suppress the statement, and a hearing on that motion, and the facts to

which we referred were gone into on cross-examination by the defense as well as on direct examination by the People. There was no express waiver of the point but apparently merely a failure to mention it on closing argument; indeed, on closing argument, defendant's attorney said that she did not believe that the People have proven that the statements were completely voluntary beyond a reasonable doubt and the court said, "I have that. Go to your next point." The issue involves a claim of a sufficiently grave violation of a constitutional right so that we should not apply too strict a standard in determining whether the point was sufficiently preserved for appeal. We think the point was sufficiently preserved. Some two hours after the *Miranda* warnings, while defendant was being transported in a police car, in the course of a "normal conversation" between the police officers and the defendant, the defendant stated that "Just because you hit somebody, doesn't mean you are going to rob him." Asked whether this was in response to a question, the police officer replied, "No, this was in response to trying to convince him that it was, the charges that you were arrested for were serious." *Miranda* requires the exclusion of the product of custodial "interrogation" when the defendant has not waived his right of silence. The Supreme Court has recently stated that: "We conclude that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *(Rhode Is. v Innis,* 446 US 291, 300-301.) We think that the effort to convince the defendant that the charges for which he was arrested were serious amounted to "words or actions on the part of the police * * * that the police should know are reasonably likely to elicit an incriminating response". Indeed, we note that in *Rhode Is. v Innis (supra,* p 301), the court pointed out that the court in *Miranda* included in its survey of interrogation practice the use of psychological ploys to "minimize themoral seriousness of the offense". Emphasizing the seriousness of the offense may similarly be a forbidden form of interrogation, perhaps leading the defendant, as it did here, to make some incriminating statement intended to lessen the seriousness of his participation. The Hearing Justice agreed that the conversation was such that it was reasonably foreseeable that the defendant would respond. But it was apparently his view that there was a waiver of the *Miranda* rights. Defendant testified at the trial. Thus the District Attorney could have shown the statement after defendant's testimony by way of impeachment *(Harris v New York,* 401 US 222). But here the statement was introduced as part of the People's case before the defendant had testified, and there is no way of knowing whether defendant would have testified anyhow if this statement had not been introduced as part of the People's case. As a previous trial had resulted in a hung jury, and as defendant's contention was that he had not attempted to rob the victim but was merely attempting to help him, we cannot say that the error was harmless beyond a reasonable doubt. *(People v Crimmins,* 36 NY2d 230, 237.) Accordingly, the judgment must be reversed and a new trial ordered. Upon the new trial, it would appear to be advisable that the court make clearer to the jury that an inoperative pistol is not necessarily a "dangerous instrument," and we think that the prosecution should have been somewhat more restrained in its summation. However, we rest our reversal on the violation of defendant's

*Miranda* rights. Concur—Birns, J. P., Sullivan, Markewich, Lupiano and Silverman, JJ.